NOT DESIGNATED FOR PUBLICATION

No. 124,534

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLER J. LIVINGSTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed September 2, 2022.
Affirmed.

*John A. Boyd*, of Harris Kelsey, Chtd., of Ottawa, for appellant.

*Brian Deiter*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before GARDNER, P.J., MALONE and CLINE, JJ.


PER CURIAM:  Tayler J. Livingston appeals his sentence following his guilty plea
to one count of involuntary manslaughter. Livingston's only claim on appeal is that the
State violated his due process rights at the sentencing hearing by failing to fulfill the
terms of the plea agreement. After thoroughly reviewing the record, we reject
Livingston's claim and affirm the district court's judgment.

FACTS

On May 8, 2020, the State charged Livingston with one count of involuntary manslaughter after he hit a car head-on while driving drunk, killing the other driver. Livingston agreed to plead guilty in exchange for the State recommending a downward durational departure to 28 months' imprisonment. More specifically, the written plea advisory filed with the court stated the plea agreement as follows:

> "Plea[d] guilty as charged in the Complaint. At sentencing, parties will recommend a durational departure to 28 months in prison. I will not request probation, file any other departures or requests for leniency, and will be required to register as an offender. I will pay all court costs and fees, and restitution."

Livingston acknowledged in the plea advisory that the district court was "not bound by the terms of any plea agreement." Livingston later moved for a downward durational departure asserting that he "has taken responsibility for his actions by pleading guilty as charged, has demonstrated genuine remorse for his conduct, and has taken steps to rehabilitate himself while this case was pending."

At the sentencing hearing on September 28, 2021, when the district court asked for recommendations of counsel, the State recommended that the district court grant Livingston's motion for downward departure and asked the district court to find that "there are substantial and compelling reasons to depart downward to [28 months'] imprisonment." Livingston joined the State in its recommendation and argued that his departure motion should be granted mainly because he took responsibility for his actions by pleading guilty and spared the family further suffering.

After arguments from counsel, the victim's sister, cousin, and parents gave victim impact statements to the court. Concluding his statement, the victim's cousin said, "I ask you not to accept the terms of this plea deal and put Mr. Livingston in a place where he

can understand what he's taken from us." And the victim's mother "beg[ged]" the district court to give Livingston the maximum sentence. After the victim's family spoke, the State again recommended the district court grant a downward durational departure. Finally, Livingston addressed the court and expressed his sorrow for the harm he caused.

Following a recess, the district court denied Livingston's departure motion, explaining that it could not find substantial and compelling reasons to deviate from the sentencing guidelines. The district court sentenced Livingston to the standard presumptive term of 41 months' imprisonment with 36 months' postrelease supervision and ordered restitution to the victim's family in the amount of $6,841.18. Livingston timely filed a notice of appeal.

ANALYSIS

On appeal, Livingston claims the State violated his due process rights at the sentencing hearing by failing to fulfill the terms of the plea agreement. More specifically, Livingston argues that during the plea negotiations, the State represented to him that the victim's family supported a lesser sentence. But at the sentencing hearing, the family asked the district court to disregard the agreement and impose the maximum sentence. Livingston argues that, because the State did not defend this attack on the sentencing recommendation, the State violated the terms of the plea agreement.

The State argues that it upheld its obligations under the plea agreement because the terms of the agreement only required the State to recommend a lesser sentence—which it did, twice. The State points out that nothing in the record supports Livingston's assertion that the agreement hinged on the family's approval.

Our Supreme Court has held: "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement

3

or consideration, such promise must be fulfilled.'" *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013) (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 [1971]). A defendant is denied due process when the State does not fulfill a promise that it made in consideration of the plea agreement, even when the district court's sentencing decision was not influenced by the State's actions at sentencing. *Urista*, 296 Kan. at 583. Whether the State breached a plea agreement is a question of law subject to unlimited review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015).

Livingston concedes the State recommended a lesser sentence, but he asserts it failed to "affirmatively state to the court that a reduced sentence was approved by the family of the deceased nor to provide any facts, context, or rationale for the court to follow the request of the parties." He says that, while the State technically complied with the terms of the agreement, it was just "mere lip service" because the State did not support the recommendation with facts or legal argument to defend against the family's statements.

Livingston relies only on our Supreme Court's *Urista* decision to support his arguments. The *Urista* court held that the State could violate a plea agreement even if it makes the promised sentencing recommendation if the prosecutor's other comments undermine the sentencing recommendation. 296 Kan. at 584. And this court added that "[a] prosecutor does not need to be enthusiastic in making the recommendation agreed upon in the plea bargain. But the prosecutor must at least *make* the recommendation, and the prosecutor may not so undermine the recommendation that only lip service has been paid to it. [Citation omitted.]" *State v. Foster*, 39 Kan. App. 2d 380, 387, 180 P.3d 1074 (2008).

In Livingston's case, the State promised to recommend the agreed upon sentence and join Livingston's request for a downward durational departure if he pled guilty. The State delivered on its promise by asking the district court to "[find] that there are

4

substantial and compelling reasons to depart downward to [28 months'] imprisonment." Following the victim impact statements, the State again asked the district court to grant Livingston's departure motion. Unlike the prosecutor in *Urista*, the prosecutor did not make any comments aimed at undermining the State's recommendation or make an end-run around Livingston's request for a departure sentence.

As to Livingston's claim that the State represented to him during plea negotiations that the victim's family agreed with the departure sentence, it is important to focus on the actual language of the written plea agreement. The plea agreement stated that the "parties will recommend a durational departure to 28 month[s] in prison" and that Livingston "will not request probation, file any other departures or requests for leniency, and will be required to register as an offender." Had the plea agreement stated that the victim's family agreed with the negotiated sentence, then Livingston could argue that the approval was incorporated into the agreement. But nowhere is the written plea agreement conditioned on the family's approval. In fact, Livingston's counsel acknowledged at the sentencing hearing that the State had communicated the sentencing recommendation to the victim's family and "it was not their preference."

The Kansas Criminal Code requires that the district court allow the victim of the crime or members of the victim's family to address the court at sentencing, if they request to do so. See K.S.A. 2021 Supp. 22-3424(e). Thus, it was appropriate for the victim's family to address the court and give their recommendations at Livingston's sentencing hearing. Even after members of the victim's family spoke against the terms of the plea deal, the prosecutor again asked the district court to grant Livingston's departure motion. Livingston points to no authority to support his claim that the prosecutor should have presented additional facts and legal arguments to defend against the family's statements.

In summary, the State complied with the terms of the plea agreement by requesting that the district court grant Livingston's motion for a lesser sentence. Despite

the joint recommendation, the district court found no substantial and compelling reasons to depart from the sentencing guidelines. Livingston acknowledged this possibility in his signed plea advisory, regardless of the parties' recommendations. The State took no action to undermine its recommendation at sentencing, and the victim's family had a right to be at the hearing and speak. The record does not support Livingston's claim that the State violated his due process rights by failing to fulfill the terms of the plea agreement.

Affirmed.